**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DEWAYNE BOYKINS**                                                                 **PETITIONER**

**VS.**                                    **CASE NO. 5:13CV00218 DPM/HDY**

**RAY HOBBS,  Director,**
**Arkansas Department of Correction (ADC)**                          **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

D. P. Marshall Jr..  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge  (if such a  hearing is granted)  was not  offered at  the
       hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the
       hearing before the District Judge in the form of an offer of
       proof,  and a copy,  or the original, of any documentary or
       other non-testimonial evidence desired to be introduced at
       the hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

On June 6, 2011, Dewayne Boykins was convicted in Hot Spring County Circuit Court of possession of cocaine and of simultaneous possession of drugs and firearms. He was sentenced as an habitual offender to 960 months in the ADC. In his direct appeal Mr. Boykins challenged the sufficiency of the evidence and the trial judge's ruling that there was probable cause to arrest him without a warrant. The Arkansas Court of Appeals affirmed the convictions. *Boykin v. State*, 2012 Ark. App. 274. Mr. Boykins filed a timely Rule 37 petition with the trial court, alleging: (1) he was denied due process when the trial court denied his motion for a continuance; (2) his trial attorney was ineffective for failing to adequately investigate, prepare for trial, and call witnesses; (3) his trial attorney was ineffective for failing to object to him being sentenced as an habitual offender; (4) he was denied due process when the prosecutor withheld evidence; and (5) actual innocence. The trial court conducted an evidentiary hearing on July 10, 2012. Relief was denied by order dated July 16, 2012. On July 20, 2012, Mr. Boykins filed a timely notice of appeal. The appeal was not successfully pursued, however, concluding with a June 20, 2013, Order from the Arkansas Supreme Court terminating the appeal. The current federal habeas corpus petition was filed on July 15, 2013.

In his current habeas corpus petition Mr. Boykins claims:

(1) the trial court denied his due process rights by denying his motion for continuance;

(2) he received ineffective assistance of counsel when his attorney failed to adequately investigate, prepare for trial, and call witnesses;

(3) actual innocence; and

(4) he was denied due process when the prosecutor withheld evidence.

The respondent urges that ground three should be dismissed because it is not a cognizable federal habeas claim. In addition, the respondent claims grounds one, two, and four should be dismissed as procedurally barred or, in the alternative, on their merits. By previous Court Order, Mr. Boykins was advised that grounds one, two, and four might be dismissed as procedurally barred, and he was further notified of his opportunity to explain why this should not occur. He filed a responsive pleading. See Docket entry no. 11. We will first address the issue of procedural default, then proceed to remaining issues in this case.

**Procedural Default:** The respondent contends that claims one, two, and four are not properly before this Court due to the petitioner's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent contends that Mr. Boykins failed to raise his due process claims on direct appeal and failed to adequately raise the ineffective assistance of counsel claims in his Rule 37 proceeding by failing to perfect the appeal. In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. 1987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in

which cause might be found:  first, where some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488;

second, where a constitutional claim is so novel that its legal basis is not reasonably available to

counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective

assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.   In addition, there is one

extraordinary circumstance where a federal habeas court may grant relief without a showing of

cause:   where a constitutional violation has probably resulted in the conviction of one who is

actually innocent.  *Id.* at 496.

In his explanatory pleading, Mr. Boykins states that he "attempted to pursue them [grounds

one, two, and four] to a final determination to the very best of his ability."  Docket entry no. 11, page

1.  He claims that he filed all of the necessary motions to perfect his appeal of his Rule 37 denial and

faults the procedural lapse on the circuit court's failure to rule on his motion for extension of time.

He also claims he was confused by the circuit court's Order signed on June 19, 2012, directing the

clerk to prepare the record.  According to the petitioner, this Order should have been dated January

24, 2013, and this misdating "cannot be attributed to mere clerical error."  Docket entry no. 11, page

4.  Finally, the petitioner cites *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), as supportive of his claim,

alleging that had he been provided counsel in his Rule 37 proceeding then his claims would have

been adequately presented in state court.  In other words, the absence of appointed counsel amounts

to cause for his procedural default.

Rather than exploring the intricacies of the Arkansas procedural rules and considering the

current state of the law as it relates to the recent case of *Martinez v. Ryan, supra,* we find it more

appropriate and a better use of judicial resources to proceed to the merits of the claims advanced by

Mr. Boykins.  We note the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the
> merits than to go through the studied process required by the procedural default
> doctrine.  Recent commentary points up the problems with the cause and prejudice
> standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and
>> costly. . . .  In essence, *Sykes* and *Strickland* require habeas lawyers and

> federal judges and magistrates to work through the equivalent of a law school
> exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective*

*Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)).

Prior to considering the merits of the four claims, it is helpful to review some details of the case as

it progressed through state court.

**Background of the case:** Mr. Boykins was tried before a jury on June 16, 2011, in Hot

Spring County. He was charged with four counts, one of which was being an habitual offender. He

was acquitted of possession of a controlled substance with intent to deliver, but convicted of being

an habitual offender, and of possession of cocaine and simultaneous possession of drugs and

firearms. Mr. Boykins, who rejected an offered plea for a twenty year sentence, did not testify at

trial. His attorney called no other witnesses on his behalf. The Arkansas Court of Appeals ably

summarized the facts of the case in its opinion on direct appeal:

> At approximately 5:00 a.m., on April 7, 2011, Kenny Henson, who worked
> with loss prevention at Walmart, observed a vehicle on video surveillance pulling
> into the store's parking lot. Boykin emerged from the driver's seat and went inside
> the store. Henson continued to watch Boykin once he was inside Walmart over
> the course of approximately two hours. Boykin went to the electronics
> department, kneeled down in front of a case containing iPods and iPads, and
> began prying open the glass doors of the case with a screwdriver. Henson stated
> that Boykin worked on opening the case for a while and then went to the main
> aisle and appeared to be "watching for folks." Henson contacted the Malvern
> Police Department.
>
> Officers Joseph Paull and Chris Coke with the Malvern Police Department
> were dispatched to Walmart. Henson gave the officers a description of Boykin
> and his clothing and told the officers that Boykin was in the electronics section
> near the iPod-iPad case. In an aisle near the electronics department, Paull saw a
> screwdriver with a black-and-blue handle on the floor. There was no one at the
> iPod-iPad case when the officers reached the electronics department, but Paull
> observed two shopping carts in the area full of miscellaneous merchandise. Paull
> and Coke returned to the front of the store where they met Henson who advised
> that Boykin had just fled from the store. The officers saw Boykin running toward
> a sport utility vehicle (SUV) parked at the Murphy USA gas station located
> adjacent to Walmart's parking lot.
>
> Paull and Coke got into their patrol cars and blocked the SUV from leaving the
> gas station. Boykin was standing at the rear of the SUV near the passenger's side,
> holding a set of keys in his hand. The officers asked Boykin whether the SUV

belonged to him, and Boykin stated that he owned the vehicle. The officers then arrested Boykin and conducted an inventory of the SUV's contents. Paull and Coke later testified that it was police policy, upon the arrest of a suspect, to inventory a vehicle's contents prior to towing it.

Inside the SUV's glove compartment, the officers found the registration to the SUV, confirming that Boykin was in fact the owner. Officers also found a loaded handgun in a pocket behind the passenger's seat. Paull later testified that the driver of the SUV could "definitely" reach the handgun. Officer Coke found a small baggie containing six or seven rocks of what appeared to be crack cocaine. At trial, Stacy Winkler, a forensic chemist at the Arkansas State Crime Lab, confirmed that the substance was 1.0684 grams of cocaine base. The baggie was located inside a spiral notebook found in a pocket below the radio on the driver's side of the console. Coke later testified that the cocaine was level with the driver's knee. In the SUV's rear compartment, officers found several miscellaneous tools, including small screwdrivers, wire snips, and pliers. Paull later testified that the screwdrivers in Boykin's vehicle matched the one that Paull had observed in the aisle at Walmart.

After the inventory, Paull and Coke returned to Walmart where they viewed the surveillance video. The officers observed Boykin's vehicle in the Walmart parking lot and saw that someone was sitting in the passenger's seat. The officers then observed a person crawling from the back seat into the driver's seat. That person then drove the SUV to the Murphy USA gas station. Coke recalled that, when he and Paull arrested Boykin, there were two men standing approximately thirty to forty feet away near the gas pumps and that, at the time, he did not think the men were involved.

Photographs introduced into evidence at Boykin's trial depicted scratches on the iPod-iPad case, which Paull testified appeared to have been caused by prying the end of the case's glass doors. At trial, Henson testified that, ultimately, nothing was stolen from Walmart.

*Boykin v. State,* 2012 Ark. App. 274.

The Arkansas Court of Appeals found no merit in the petitioner's challenges to the sufficiency of the evidence and to the argument that the trial court erred in denying a motion to suppress. While Mr. Boykins did not pursue his Rule 37 petition through the appeal process, he did file the petition in a timely fashion. Following an evidentiary hearing, the trial court denied relief. The trial court noted, among other things, that petitioner's counsel testified that she spoke with a possible defense witness who, according to Mr. Boykins, would testify that the gun was owned by the witness, not Boykins. At the Rule 37 hearing, Mr. Boykins' lawyer testified that this proposed witness would have testified that he gave the gun to Mr. Boykins two weeks prior

to the arrest.  Thus, this witness would have clearly implicated Boykins as possessing the gun.

The trial court, in its Order denying Rule 37 relief, notes the testimony of Mr. Boykins' trial

attorney, and that the testimony of the proposed witness would "show the guilt of the defendant."

Docket entry no. 2, page 26.  The four claims now raised by Mr. Boykins focus, to a large

degree, on the alleged testimony of this witness.

**Ground One – Failure to Grant Motion for Continuance:** The petitioner alleges the

trial court denied him due process when it denied his motion for continuance.  Specifically, he

claims the continuance was necessary to obtain a State Crime Lab report on the firearm retrieved

from his vehicle.  The plaintiff reasons that if the report were to show the fingerprints' of others,

and/or that the gun was registered to someone else, then he would not have been convicted of

possessing the firearm, one of the components of his conviction for simultaneous possession of

drugs and firearms.

> In order to establish a denial of due process, the petitioner must prove that
> the asserted error was so gross, *Taylor v. Minnesota*, 466 F.2d 1119, 1121 (8th Cir.
> 1972), *cert. denied*, 410 U.S. 956 (1973), conspicuously prejudicial, *United States
> ex rel. Cannon v. Maroney*, 373 F.2d 908, 910 (3rd Cir. 1967), or otherwise of
> such magnitude that it fatally infected the trial and failed to afford the petitioner
> the fundamental fairness which is the essence of due process. *Lisenba v.
> California*, 314 U.S. 219 (1941).  In making this determination, the courts must
> review the totality of the facts in the case pending before them and analyze the
> fairness of the particular trial under consideration.

*Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976).  See also *Kennedy v. Kemma*, 666 F.3d 472, 481

(8th Cir. 2012).  Our inquiry is first, did the trial court err in denying the motion for continuance,

and, if so, was the error so "gross" and "conspicuously prejudicial" that Mr. Boykins did not

receive a fundamentally fair trial.  The record before the Court persuades us that no error was

committed.  On May 26, 2011, petitioner's attorney sought a continuance, noting generally that

he had not "received all the discovery necessary to prepare" for trial.  Docket entry no. 13-1,

page 28.  The next day, petitioner's attorney again sought a continuance on the same basis and

also noting that he would be on vacation when the case was scheduled for jury trial.  Docket

entry no. 13-1, page 30.  Neither motion cited the need for a report on the gun.  The prosecution, on June 10, 2011, responded to the petitioner's discovery motion, indicating the prosecutor maintained an open file policy and that all filed could be obtained by the defense.  Docket entry no. 13-1, page 23.  When the trial commenced on June 16, 2011, there was no renewal of the motion for continuance.  Rather, after a few unrelated motions were addressed, the state and the defense announced that they were ready for trial.  Docket entry no. 13-1, pages 54-59.  Given these circumstances, we find no error in the trial court's denial of the motion for continuance.

Furthermore, even if we were to generously assume error on the part of the trial court, we find conclusively that such an error would not have been of constitutional magnitude.  In this regard, we find that no prejudice could have befallen Mr. Boykins because even if discovery produced precisely what he desired – a lab report showing fingerprints other than his, along with ownership papers showing the gun was owned by someone else – a reasonable jury could still have found him guilty of the charge of simultaneous possession of drugs and firearms.  The key word here is possession, not ownership, so that papers showing someone else as owner would not have changed the location of the gun, within reach of the driver of Boykins' vehicle.  Fingerprints on the gun of others would, at best, show that others had handled the weapon.  Such evidence would, again, not change the location of the gun, nor would it foreclose in any way the possessing, either actually or constructively, of the gun by Boykins.

Mr. Boykins was not denied due process when the trial court denied his motions to continue.

**Ground Two – Ineffective assistance of counsel when his attorney failed to adequately investigate, prepare for trial, and call witnesses:** Mr. Boykins summarizes this claim in the following manner:

> The fact that defense counsel did not call one single witness, expert, or the like, clearly shows ineffective assistance.  The evidence presented against Petitioner concerning simultaneous possession is not rock solid.  Had counsel

called Ryan Boykins and Rodney Austin to the stand, no reasonable jurist would
have found Petitioner guilty of Simultaneous Possession of drugs and firearms.

Docket entry no. 3, page 19.

According to Mr. Boykins, Ryan Boykins was his nephew and was one of the unidentified

occupants of his vehicle.  The petitioner alleges that Ryan told petitioner's attorney that the gun

belonged to Ryan and that petitioner did not know the gun was in the vehicle.  Docket entry no.

3, page 14.  While the petitioner is free to make this argument, it flies in the face of the testimony

offered by petitioner's counsel under oath, and is at odds with the factual findings of the trial

court in its Rule 37 decision.

Based primarily upon the testimony of petitioner's trial attorney, the trial court

specifically ruled against this claim in the Rule 37 proceeding.  When the state court has ruled on

the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state

court's decision "was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court" or the state court's decision "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court."  28

U.S.C. § 2254(d)(1), (2).  The United States Supreme Court offers guidance in interpreting the

statute:

> A state court decision will be "contrary to" our clearly established precedent if the
> state court either "applies a rule that contradicts the governing law set forth in our
> cases," or "confronts a set of facts that are materially indistinguishable from a
> decision of this Court and nevertheless arrives at a result different from our
> precedent."  A state court decision will be an "unreasonable application of" our
> clearly established precedent if it "correctly identifies the governing legal rule but
> applies it unreasonably to the facts of a particular prisoner's case."
>     . . . Distinguishing between an unreasonable and an incorrect application
> of federal law, we clarified that even if the federal habeas court concludes that the
> state court decision applied clearly established federal law incorrectly, relief is
> appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

In this instance, the petitioner cites no federal law with which the state court decision conflicted.  Further, the petitioner does not mount a credible argument that the state court decision was unreasonable in light of the evidence adduced in state court.  The only evidence presented in state court on this issue is the testimony of petitioner's counsel that Ryan Boykins[1] testimony would have been damaging to the petitioner.  The argument that Ryan Boykins might have testified contrary to the version stated by petitioner's attorney is speculative, and falls far short of the showing required by 28 U.S.C. § 2254(d)(1), (2). There is no merit to the second claim for relief.

**Ground Three – Actual Innocence:** The respondent correctly argues that a claim of actual innocence, by itself, is not a cognizable claim in the context of habeas corpus actions. Actual innocence can be relevant, however, as it may be an avenue, or gateway, to bypassing the need to show cause and prejudice for claims that might otherwise be procedurally barred.  When actual innocence is relevant, it requires the petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Mr. Boykins in this limited situations; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.  This demanding standard is not met in this instance, as Mr. Boykins offers no new reliable evidence of his innocence.  Instead, he offers his construction of the facts which were offered at trial, arguing that the jury should have concluded that he loaned his vehicle to his nephew and, therefore, could not be held responsible for the gun and drugs in the vehicle.  This

---

[1]While Mr. Boykins also states that the testimony of Rodney Austin would have assisted in his defense, specifics are scarce.  It appears that Austin was present when Dewayne Boykins was arrested.  In and of itself that does not appear to be significant.

strained construction of the facts presented at trial does not resemble actual innocence as required under the *Schlup v. Delo* analysis.

There is no merit to the claim of actual innocence, whether advanced as a freestanding claim for relief or as a means of satisfying the cause and prejudice requirements.

**Ground Four – Denial of due process when the prosecutor withheld evidence:** Mr. Boykins' final claim for relief is that the prosecutor withheld the results of the fingerprints and registration of the gun found in his vehicle. In his Rule 37 petition Mr. Boykins advanced this claim. The trial court found that Boykins "alleges prosecutorial misconduct and there is no proof at all before the Court of any misconduct." Docket entry no. 2, page 26.

The standard applicable to the second claim for relief again applies to this assertion – when the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2).

As with the second claim, Mr. Boykins fails to demonstrate how the statutory requirements were satisfied. He cites no applicable federal law which was offended by the state ruling, nor does he show the state's decision was unreasonable in light of the evidence presented in state court. As previously discussed, the petitioner's focus on gun registration is misplaced, as he was charged with possession of the gun. On direct appeal, the Arkansas Court of Appeals considered whether sufficient evidence supported the conviction:

> Boykin asserts that "[n]othing has linked Mr. Boykin to the gun," arguing that the State failed to collect fingerprints from the handgun or check the handgun's registration. While Paull testified that the handgun was sent to the lab for testing, he had no knowledge of the results. Paull further testified that the handgun's registration was checked and that, if the handgun had been registered to someone other than Boykin, it would have been noted in Paull's report. In any event, Boykin ignores the fact that the handgun was located inside his vehicle. Boykin also argues that the State did not prove that he "possessed the firearm or weapon while committing, attempting to commit, solicited the commission of or

conspiring to commit possession of cocaine with intent to deliver or possession of cocaine." Boykin overlooks the fact that the statute is divided by the word "or" and that a plain reading of the statute prohibits a person from unlawfully committing a felony in violation of section 5–64–401, which includes Boykin's possession of cocaine, while in possession of a firearm. As established earlier, Boykin constructively possessed the cocaine, and he did so while in possession of a firearm. Therefore, his conviction for simultaneous possession of drugs and firearms is affirmed.

*Boykin v. State*, 2012 Ark. App. 274, page 7.

The petitioner fails to show the prosecutor withheld evidence, and fails to show his due process rights were infringed by the manner in which his trial was conducted.  There is no merit to his fourth and final claim for relief.

In summary, we recommend the petition for writ of habeas corpus be dismissed due to the unexcused procedural default, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this _31_ day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE